FILED
2014 Jan-13  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **JERRY BARNES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:13-CV-619-VEH** |
| | ) |
| **MIKE BOLTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Jerry Barnes ("Mr. Barnes") initiated this civil rights case on April 4, 2013. (Doc. 1). On July 17, 2013, Mr. Barnes filed an amended complaint (Doc. 17), and asserted claims, arising out of a law enforcement incident which occurred at his home on or about November 17, 2012, (Doc. 17 ¶ 7) against "various governmental officials assigned to work for the Etowah County Drug Task Force" (*id.* ¶ 6) under 42 U.S.C. § 1983. According to the case caption, the named defendants are: Scott Lumpkin, Mike Bolton, Tim Waldrop, Cole Lumpkin, and Clark Thompson. (Doc. 17 at 1).

Pending before the court is Defendant Tim Waldrop's ("Mr. Waldrop") Motion To Dismiss/Alternative Motion for a More Definite Statement (Doc. 22) (the

"Motion") filed on November 15, 2013. In his Motion, Mr. Waldrop seeks a Rule 12(b)(6) dismissal on the basis of qualified immunity or, alternatively, a more definite statement of Mr. Barnes's claims.  (Doc. 22 at 1).

On November 22, 2013, Mr. Barnes opposed the Motion. (Doc. 23).  Mr. Waldrop replied on November 27, 2013.  (Doc. 24).  Accordingly, the Motion is now under submission. For the reasons explained below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II.   APPLICABLE STANDARDS

### A.    Motion To Dismiss

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

2

accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."*Id.* (quoting *Twombly*, 550 U.S. at 556).

## B.  Motion For More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

### C.    Qualified Immunity

Qualified immunity may be claimed by an individual defendant who is being sued personally for actions that he or she took while acting under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Qualified immunity is a question of law to be decided by the court prior to trial. It is designed to allow officials who are entitled to qualified immunity to avoid the expense and disruption of going to trial, and is not merely a defense to liability. *Ansley v. Heinrich*, 925 F.2d 1339, 1345 (11th Cir. 1991).

The Supreme Court has referred to the qualified immunity analysis as the "objective-reasonableness" test. *Harlow*, 457 U.S. at 815-19. Under this test, public officials performing discretionary functions which would objectively appear to be within the official's authority have qualified immunity if the challenged conduct did not violate a clearly established constitutional right of which a reasonable person

4

would have known, given the circumstances and information possessed by the official at the time of the conduct. *Id.* at 818.

The objective-reasonableness test is a two-part analysis. First, the defendant public official must prove that he was performing duties within the scope of his discretionary authority when the alleged violation occurred. *Hutton v. Strickland*, 919 F.2d 1531, 1537 (11th Cir. 1990). A government official may prove that he was acting within the scope of his authority by showing facts and circumstances that would indicate that his actions were part of his normal job duties and were taken in accordance with those duties. *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988); *see also Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 939 (5th Cir. 1992) ("An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity.").

Once the defendant proves that he was acting within his discretionary authority, the burden then shifts to the plaintiff to prove that the defendant did not act in good faith. *Hutton*, 919 F.2d at 1537. The plaintiff may meet this burden by establishing that "the defendant public official's actions 'violated clearly established constitutional law.'" *Id.* (citations omitted). The second prong of the objective-reasonableness test has two sub-parts. *Id.* at 1538. First, the court must find that the constitutional law in question was clearly established when the alleged violation occurred. *Id.* Second, the

court must find that "there is a genuine issue of fact regarding the government official's engaging in conduct violative of the clearly established law." *Id.*

"Clearly established" means that "[t]he contours of the [violated] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent. *Id.* Under this standard, qualified immunity is available to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To defeat a qualified immunity defense, the plaintiff bears the burden of showing that the "legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, . . . the law clearly proscribed the actions the defendant took." *Barts v. Joyner*, 865 F.2d 1187, 1190 (11th Cir. 1989), *cert. denied*, 493 U.S. 831 (1989) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)).

In determining whether the plaintiff meets this burden in the context of a motion to dismiss, the court is guided by the Eleventh Circuit's holding in *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010), which clarifies that the heightened pleading

6

rule no longer applies to civil rights cases in which a qualified immunity defense is

asserted:

> While *Swann*, *GJR*, and *Danley* reaffirm application of a
> heightened pleading standard for § 1983 cases involving defendants able
> to assert qualified immunity, <u>we agree with Randall that those cases
> were effectively overturned by the *Iqbal* court</u>. <u>Pleadings for § 1983
> cases involving defendants who are able to assert qualified immunity as
> a defense shall now be held to comply with the standards described in
> *Iqbal*</u>. A district court considering a motion to dismiss shall begin by
> identifying conclusory allegations that are not entitled to an assumption
> of truth-legal conclusions must be supported by factual allegations. The
> district court should assume, on a case-by-case basis, that well pleaded
> factual allegations are true, and then determine whether they plausibly
> give rise to an entitlement to relief. . . .

> After *Iqbal* it is clear that there is no "heightened pleading
> standard" as it relates to cases governed by Rule 8(a)(2), including civil
> rights complaints. All that remains is the Rule 9 heightened pleading
> standard.

*Randall*, 610 F.3d at 709-10 (emphasis added) (footnote omitted).

## III.   ANALYSIS

### A.   Shotgun Pleading

Mr. Barnes's amended complaint is a quintessential shotgun pleading, a

practice which is strongly disfavored by the Eleventh Circuit. *See, e.g., Davis v.

Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008) ("The

complaint is a model 'shotgun' pleading of the sort this court has been roundly,

repeatedly, and consistently condemning for years, long before this lawsuit was

filed.").[1]

For example, Mr. Barnes has confusingly lumped all of his purported Fourteenth Amendment claims together under one count:

Count 1 – Violations of Fourteenth Amendment

30.    By seizing Plaintiff's person and property without probable cause and without a warrant, Defendants violated Plaintiff's right to be free from unreasonable seizures in violation of the rights guaranteed by the 4th Amendment and incorporated against the states by the 14th Amendment.

31.    By searching Plaintiff's home without probable cause and without a warrant, Defendants violated Plaintiff's right to be free from unreasonable searches in violation of the rights guaranteed by the

---

[1] *Davis* footnote 54 gives numerous examples of Eleventh Circuit anti-shotgun references and states in full:

> *See, e.g., United States ex el. Atkins v. McInteer*, 470 F.3d 1350, 1354 n. 6 (11th Cir.2006); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n. 1 (11th Cir.2006); *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1330 n. 22 (11th Cir.2004); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 nn. 9–10 (11th Cir.2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1128–34 (11th Cir.2001); *Magluta v. Samples*, 256 F.3d 1282 (11th Cir.2001); *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1326–27 n. 6 (11th Cir.1998); *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir.1998); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir.1997); *Ibrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162 *passim* (11th Cir.1997); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir.1996); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir.1995); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir.1996); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1483–84 (11th Cir.1992); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir.1991); *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543–44 n. 14 (11th Cir.1986) (Tjoflat, J., dissenting). This list is just a teaser—since 1985 we have explicitly condemned shotgun pleadings upward of fifty times.

*Davis*, 516 F.3d at 979 n.54.

4th Amendment and incorporated against the states by the 14th Amendment.

32.   By dragging Plaintiff from his home, striking him, and threatening him with death, Defendants employed excessive force against Plaintiff.

33.   By threatening Plaintiff with death or bodily harm for answering his own door with a gun in his hand, Defendants had a chilling effect on Plaintiff's right to keep and bear arms as guaranteed by the Second Amendment as applied against the states by the 14th Amendment.

(Doc. 17 ¶¶ 30-33).

Moreover, because Mr. Barnes has filed a shotgun pleading, it is impossible to ascertain which specific claims are asserted against which specific defendants and in which of their capacities.[2] Instead, Mr. Barnes has ambiguously alleged "Defendants" collectively throughout his pleading. This vagueness makes an evaluation of the defense of qualified immunity impractical as to each one of the defendants that are separately identified only in the lawsuit's case caption, and even listed there without

---

[2]  A § 1983 claim against a person in her official capacity seeks to impose liability on the entity which she represents, and not on her personally. *See, e.g., Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995) ("Welch's action against the Sheriff and Chief Deputy Sheriff in their official capacities imposes liability on the entity they represent, and not on them as individuals." (citing *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 877-78, 83 L. Ed. 2d 878 (1985))).  In contrast, a claim asserted against a public official in his personal capacity seeks a recovery from that defendant on an individualized basis. *See, e.g., Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1047 (11th Cir. 2008) ("In a § 1983 action, '[i]t is well-settled that qualified immunity only protects public officials from lawsuits brought against them in their individual capacity.'" (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1184 n.16 (11th Cir. 1994))).

clarifying in which capacities.[3]

### B.    Rulings

Therefore, due to the shotgun nature of Mr. Barnes's complaint, the court is ill-equipped to address the merits of Mr. Waldrop's efforts to obtain a Rule 12(b)(6) dismissal of this lawsuit on the basis of qualified immunity, and that portion of Mr. Waldrop's Motion is **DENIED**. The court agrees with Mr. Waldrop that requiring Mr. Barnes to provide a more definite statement of his claims is appropriate, and, as a result, the alternative portion of his Motion is **GRANTED**.

In repleading, Mr. Barnes must study the *Davis* decision and the numerous cases cited therein and draft a much more definite and comprehendible pleading. The claims against <u>each Defendant</u> must be set forth in separately numbered counts, and Mr. Barnes must clarify whether he is suing <u>each Defendant</u> personally, officially, or in both capacities. Further, Mr. Barnes's restated pleading must include only <u>plausibly</u> stated claims and refrain from stringing multiple claims together within the same count.

## IV.   CONCLUSION

Therefore, for the reasons stated above, the Motion is **GRANTED** with respect to the alternative relief requested by Mr. Waldrop and otherwise is **DENIED**. Further,

---

[3] Mr. Barnes cannot use his brief as a means to amend or restate his pleading.

Mr. Barnes is **ORDERED** to file an amended complaint in a manner that conforms with the requirements of this order no later than February 3, 2014.

     **DONE** and **ORDERED** this 13th  day of January, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge